UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARTAVIA D KING #632969      CIVIL ACTION NO. 18-cv-109 SEC P

VERSUS      JUDGE ELIZABETH E. FOOTE

STATE OF LOUISIANA      MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Martavia D. King ("Petitioner") was charged in DeSoto Parish with first degree murder because he was one of three men involved in a burglary that resulted in the death of the homeowner. Based on a plea bargain, Petitioner entered a plea of guilty to manslaughter and received a 40-year sentence. Petitioner filed a post-conviction application in state court that raised three claims, and he now presents those same claims in a federal habeas corpus petition. For the reasons that follow, it is recommended that his petition be denied.

### Corroboration of Guilty Plea

Petitioner first argues that manslaughter is inapplicable under the facts presented, so that he was denied due process because he was convicted of a crime not proscribed by state law. There was no trial, and the briefs of the parties contain little regarding the underlying facts of the crime. The only indication of the facts in the record come from the factual basis described by the prosecutor at the plea hearing. He stated that Petitioner was with two other men who approached the home of a Mr. Cash with the intent to burglarize

it, and they entered through a window. While inside, they encountered Mr. Cash, and the other two men choked and tied up Mr. Cash "which ultimately resulted in his death." Petitioner's participation involved rifling through the home for valuables, and he did witness what the other men did to the victim.

Under Louisiana law, all persons concerned in the commission of a crime, whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals. La. R.S. 14:24. First degree murder includes the killing of a human being when the offender has specific intent to kill or to inflict great bodily harm and is engaged in the perpetration or attempted perpetration of any one of several listed crimes, including aggravated burglary and armed robbery. La. R.S. 14:30. Second degree murder includes the killing of a human being (1) when the offender has a specific intent to kill or inflict great bodily harm or (2) when the offender is engaged in the perpetration or attempted perpetration of certain listed crimes, including aggravated burglary, armed robbery, and simple robbery, even though the offender has no intent to kill or to inflict great bodily harm. La. R.S. 14:30.1. Manslaughter includes a homicide committed, without any intent to cause death or great bodily harm, when the offender is engaged in the perpetration or attempted perpetration "of any felony not enumerated in Article 30 or 30.1, or of any intentional misdemeanor directly affecting the person." La. R.S. 14:31(A)(2)(a).

Petitioner appeared with counsel, and the prosecutor stated that Petitioner had accepted an agreement to plead guilty to manslaughter and receive a sentence of 40 years, contingent on his being called to testify against his codefendants (who Petitioner reports

later pleaded guilty). Petitioner, who was 22 years old at the time, stated that it was his desire to resolve the charges with a plea of guilty to manslaughter. The court read the elements of manslaughter and asked the prosecutor if Section 31(A)(2)(a) was the applicable provision. The prosecutor stated that it was "factually most close" and that the State would rely upon the fact that manslaughter is a responsive plea to a crime that would be first or second degree murder. He added that there "were other crimes going on" as well, before reciting the factual basis. He suggested that those facts would support an armed robbery or aggravated burglary, with a battery as an element of the aggravated burglary. (Aggravated burglary includes entry of an inhabited dwelling where a person is present, with the intent to commit a theft therein, and the offender commits a battery while inside. La. R.S. 14:60.) Armed robbery was a potential underlying crime because Mr. Cash had a revolver on him that was taken by one of the burglars during the struggle, and it was then passed back and forth between Petitioner's codefendants.

Petitioner's brief with this court is a repeat of the memorandum he filed in support of his post-conviction application. He argues that manslaughter is inapplicable because the prong of the statute cited by the prosecutor applies when the offender is engaged in "any felony not enumerated in Article 30 or 30.1.," and the armed robbery and aggravated burglary mentioned by the prosecutor are enumerated in those statutes. He contends that this means he was denied due process because he was convicted of committing a crime not proscribed by state law.

The trial court denied the post-conviction application with a conclusory order that the court "finds there is no legal basis for the claims in this application." The appellate

court summarily denied a writ application "upon the showing made," and the Supreme Court of Louisiana denied a writ with a short per curiam that stated Petitioner's "guilty plea waived all non-jurisdictional defects in the proceedings leading to his conviction."

Habeas corpus relief is available with respect to a claim that was adjudicated on the merits in the state court only if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

"Section 2254(d) applies even where there has been a summary denial." Cullen v. Pinholster, 131 S.Ct. 1388, 1402 (2011). A petitioner who challenges a state court's summary denial may meet his burden under the first prong of Section 2254(d) only by showing that there was "no reasonable basis" for the state court's decision. The federal habeas court must determine what arguments or theories could have supported the summary decision, and then it must ask whether it is possible fair-minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. Pinholster, 131 S.Ct. at 1402, citing Harrington v. Richter, 131 S.Ct. 770, 786 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, quoting Yarborough v. Alvarado, 124 S.Ct. 2140 (2004).

Petitioner presents his argument as that he was convicted of a crime not proscribed by law, but manslaughter is plainly proscribed by Louisiana law. What he is actually

Page 4 of 12

arguing is that the underlying facts do not establish that he was guilty of manslaughter. But they do. For example, manslaughter includes a homicide committed when the offender is engaged in "any intentional misdemeanor directly affecting the person." Simple battery as defined by La. R.S. 14:33 & 35, was committed when the codefendants attacked the victim, and it is a misdemeanor because it is not punishable by hard labor. See Title 14, § 35(B) and § 2(A)(4) & (6). That specific theory may not have been mentioned by the prosecutor at the plea hearing, but it is applicable. See State v. Couvillion, 910 So.2d 991 (La. App. 5th Cir. 2005) (discussing manslaughter conviction where jury was instructed on theory of an intentional misdemeanor in the form of simple battery).

Petitioner's argument is actually a roundabout way of challenging the sufficiency of the State's evidence, but as noted by the Supreme Court of Louisiana, he waived such claims when he pleaded guilty. The "mandate that sufficient evidence exist from which a rational fact finder could find guilty beyond a reasonable doubt is inapplicable to convictions based on a guilty plea." Smith v. McCotter, 786 F.2d 697, 702-03 (5th Cir. 1986). A challenge to the sufficiency of the evidence underlying a guilty plea or an assertion that the conduct does not meet the elements of the crime to which the plea was entered do not present a valid habeas argument. Sokolowski v. Prince, 2015 WL 631425, *5 (E.D. La. 2015). And state courts "are under no constitutional duty to establish a factual basis for the guilty plea prior to its acceptance, unless the judge has specific notice that such an inquiry is needed." Smith, 786 F.2d at 702. This claim lacks habeas merit.

**Unintentional Act**

Petitioner notes that the prosecutor stated that Petitioner participated in "an unintentional death" that occurred during the commission of the other offenses. Petitioner argues that his lack of specific intent to cause the death of the victim made it inappropriate to convict him of manslaughter. The state courts summarily rejected this claim, and it is subject to the demanding scrutiny required by Section 2254(d) as discussed above.

Manslaughter includes a homicide committed "without any intent to cause death or great bodily harm" when the offender is engaged in certain crimes, including an intentional misdemeanor that directly affects the person. Petitioner may not have put his hands on the victim, but he was nonetheless a principal to the crime under Louisiana law. His argument regarding the intent requirement is misplaced and, again, his guilty plea waived what is essentially a challenge to the sufficiency of the evidence to support his conviction. This is not a meritorious habeas claim.

**Boykin**

The trial court asked Petitioner if he understood that by pleading guilty he was "waiving your right to a jury trial" and "waiving your right to confront and cross examine witnesses at a trial" and "waiving your right to remain silent, your Fifth Amendment privilege." Petitioner answered, "Yes, sir" in response to each of the three questions. Petitioner argued in his post-conviction application and now on habeas that he was not properly advised of his right to confront and cross-examine witnesses because Louisiana jurisprudence has allegedly required that the court specify that it was the "State's

witnesses" or the "DA's witnesses" that could be cross examined at trial. Petitioner contends that this omission invalidates his guilty plea.

The state courts summarily denied relief on this claim, with the Supreme Court of Louisiana noting that Petitioner "fails to satisfy his post-conviction burden of proof" with respect to this claim. The state courts denied relief on the merits, so habeas relief is available only if that adjudication resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d) (1).

The Supreme Court has held that a guilty plea involves the waiver of several constitutional rights including the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers. Boykin v. Alabama, 89 S.Ct. 1709 (1969). The right to confront one's accusers stems from the Sixth Amendment right of an accused "to be confronted with the witnesses against him."

The Fifth Circuit "has repeatedly held" in the habeas context "that a specific express articulation and waiver of the three rights mentioned in Boykin is *not* mandated, but that it is necessary for the record to show that the plea was voluntarily and intelligently given." Neyland v. Blackburn, 785 F.2d 1283, 1287 (5th Cir. 1986). A guilty plea will be upheld on habeas review if it was entered into knowingly, voluntarily and intelligently. Montoya v. Johnson, 226 F.3d 399, 405 (5th Cir. 2000).

The transcript shows that Petitioner was specifically advised of his right to confront and cross-examine witnesses, and he has not cited any federal authority for the proposition that the constitution requires more elaboration of that right than was afforded. Even if

Petitioner were correct that Louisiana law requires more, habeas relief is available only on the grounds that federal constitutional rights were violated. The Supreme Court has "stated many times that federal habeas corpus relief does not lie for errors of state law." Swarthout v. Cooke, 131 S.Ct. 859, 861 (2011). The record reflects that Petitioner was properly advised of his Boykin rights, and his plea was voluntarily and intelligently given after a waiver of those rights. This claim lacks merit.

**Ineffective Assistance of Counsel**

Petitioner argues that trial counsel was ineffective because he failed to thoroughly investigate the facts prior to advising Petitioner to plead guilty. Petitioner contends that an investigation "would have shown the victim's death was not the direct result, or should it be said, was not perpetrated during the course of the crime, but a drastic result cumulating from the follies of youth." Petitioner adds that, regretfully, "the victim died at some point in time after the burglary had been completed." He contends that a proper investigation would have shown that the crime charged should have been second degree murder instead of first degree murder, and this would have placed the case in a different light for the purpose of plea bargaining and trial.

The state courts denied this claim on the merits, with the Supreme Court of Louisiana noting that Petitioner "fails to show that he was denied the effective assistance of counsel during plea negotiations under the standard of Strickland." Petitioner must show that the Louisiana courts' rejection of his ineffective assistance of counsel claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). That

clearly established law for ineffective assistance claims is the two-part test set forth in Strickland v. Washington, 104 S.Ct. 2052 (1984), which requires that the petitioner demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Id. at 2064.

With respect to the performance prong, the court must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Strickland, 104 S.Ct. at 2065. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., 104 S.Ct. at 2064.

Even if counsel is ineffective, the petitioner must also show prejudice. That requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 104 S.Ct. 2068. To show such prejudice in a guilty plea case "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 106 S.Ct. 366, 370 (1985). A "bare allegation" that the petitioner would have insisted upon going to trial is insufficient to establish prejudice, especially where evidence of guilt against the petitioner was strong. King v. Davis, 898 F.3d 600, 604-05 (5th Cir. 2018).

This claim is completely lacking in merit. Defense counsel had no control over whether the prosecutor chose to charge Petitioner with first or second degree murder, and no amount of investigation by defense counsel could have changed that. Petitioner was involved in a crime that resulted in the death of the victim, and his counsel negotiated a plea bargain that allowed Petitioner to escape the natural life sentence mandated by a conviction for first or second degree murder. Considering Petitioner's youth, the plea bargain could result in his eventual release from prison. Petitioner also makes no contention that he would have insisted on going to trial if counsel had conducted additional investigation. Petitioner points to no specific facts that such an investigation might have revealed that would have changed the character of the case or his decision to plead guilty.

Petitioner also argues that counsel was ineffective when he allowed his client to be subjected to a double jeopardy violation because the prosecutor stated that he was using both an armed robbery and an aggravated burglary in potential support of the manslaughter plea. Petitioner argues that aggravated burglary was charged but dismissed earlier in the case. There is no basis whatsoever for a contention that the prosecutor's explanation of the manslaughter charge, and underlying crimes that might trigger its application, resulted in a double jeopardy violation. Petitioner pleaded guilty to and was sentenced for only a single crime, manslaughter. The state courts correctly denied this claim on the merits, and there is no basis for habeas relief.

Accordingly,

It is recommended that the petition for writ of habeas corpus be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14)

days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of January, 2021.

Mark L. Hornsby
U.S. Magistrate Judge